1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALLEN DOBSHINSKY,

        Plaintiff,

    v.

Sheriff-Coroner JIM PICCININI; et al.,

        Defendants.

_____/

No. C 06-4193 MHP (pr)

**ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

**INTRODUCTION**

    Allen Dobshinsky, currently incarcerated at the High Desert State Prison in Susanville, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A. His request for appointment of counsel also is before the court for consideration.

**BACKGROUND**

    The complaint concerns Dobshinsky's arrest on September 29, 1999. He alleges that excessive force was used on him by a police dog and a police officer during his arrest. He also alleges that the police report was false in that he "could not have been going for [the] officer's gun." Complaint, p. 3.

    Dobshinsky also has sent the court letters complaining about conditions of confinement at the High Desert State Prison, where he is incarcerated.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts.  See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994).  A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802.  The statute of limitations in California for § 1983 claims was one year until the legislature changed it to two years effective January 1, 2003.  See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); former Cal. Civ. Proc. Code § 340(3) (one-year general residual statute of limitations for personal injury actions); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period); see Elliott, 25 F.3d at 802.  Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only as to claims for damages.  See Cal. Civ. Proc. Code § 352.1.  When the disability of imprisonment tolls the limitations period, the limitations period begins to run immediately after the disability period ends.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 378-79 (9th Cir. 1998).

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings

United States District Court
For the Northern District of California

2

or the court's own records.  See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984).

That is the case here:  the defense appears complete and obvious from the face of the

complaint.  All of acts and omissions giving rise to the claims took place more than four

years before this action was filed.  Dobshinsky complains about the force used on him during

his arrest seven years ago, on September 29, 1999.  Leave to amend will be granted so that

Dobshinsky can attempt to allege facts showing why the claim is not time-barred.

In addition to the excessive force claim, the complaint alleges that the police report

was false in that Dobshinsky "could not have been going for [the] officer's gun."  Complaint,

p. 3.  The problem with this claim is that Dobshinsky is currently in custody because he was

convicted of, among other things, resisting arrest.  See Petition in Dobshinsky v. Runnels, C

06-2789 MHP.  The claim in the complaint that the police report was falsified is barred by

the Heck rule.  The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff

cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or

for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, unless that conviction or sentence already has been determined to be wrong.  See

id. at 486-87.  A conviction or sentence may be determined to be wrong by, for example,

being reversed on appeal or being set aside when a state or federal court issues a writ of

habeas corpus.  See id.  The Heck rule also prevents a person from bringing an action that --

even if it does not directly challenge the conviction or other decision -- would imply that the

conviction or other decision was invalid.  The practical importance of this rule is that

Dobshinsky cannot attack his conviction or sentence in a civil rights action for damages; the

decision must have been successfully attacked before the civil rights action for damages is

filed.  Here, any claim that the police officer falsified the report in stating that Dobshinsky

was reaching for his gun cannot be pursued in this action because, if successful, would call

into question the validity of his conviction.  That the allegedly false report would call into

question the conviction for resisting arrest is evident by the fact that he challenged his

conviction for resisting arrest on this very ground.  See Aug. 8, 2002 Order Denying Petition

For Writ Of Habeas Corpus, filed in In re. Dobshinsky, Sonoma County Superior Court No.

SCR-28659, p. 2 ("As to the section 69 charge, petitioner claims that that charge was proven with fabricated testimony and a hearsay/false police report.")

Dobshinsky has sent to the court several documents concerning the conditions of confinement at the High Desert State Prison. As the court explained when it did a venue transfer of an earlier action Dobshinsky filed, claims concerning the conditions of confinement at the High Desert State Prison should be filed in the Eastern District of California, as that is the proper venue for those claims. See Order Of Transfer in Dobshinsky v. High Desert State Prison Warden, No. 06-3630 MHP.

Plaintiff's motion for appointment of counsel to represent him in this action will be denied. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Appointment of counsel is not warranted in this case.

## CONCLUSION

The complaint is dismissed with leave to amend so that plaintiff may attempt to plead facts showing why his claim concerning the excessive force is not barred by the statute of limitations. Plaintiff should not include any claim in his amended complaint that calls into question the validity of any conviction or sentence that has not yet been set aside. Plaintiff must file his amended complaint no later than **January 19, 2007**. Failure to file by that deadline will result in the dismissal of this action.

The motion for appointment of counsel is DENIED. (Docket # 4.)

IT IS SO ORDERED.

Dated:  December 20, 2006

_____
Marilyn Hall Patel
United States District Judge