UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALLEN DOBSHINSKY,                              No. C 06-4193 MHP (pr)

       Plaintiff,                              **ORDER OF DISMISSAL**

   v.

Sheriff-Coroner JIM PICCININI; et al.,

       Defendants.
                                              /

       Allen Dobshinsky, currently incarcerated at the High Desert State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that he was subjected to excessive force during his arrest on September 29, 1999, and that a false police report was written for that arrest. The court reviewed the complaint pursuant to 28 U.S.C. § 1915A and identified two deficiencies in it: the excessive force claim appeared to be barred by the statute of limitations and the false police report claim was barred by the rule from Heck v. Humphrey, 512 U.S.477 (1994). See Order of Dismissal With Leave To Amend, pp. 2-3. The court dismissed the complaint with leave to amend to address the deficiencies identified.

       Dobshinsky thereafter filed a document entitled "Amending Complaint," (docket # 8), which the court liberally construes to be an amended complaint. Dobshinsky also filed a document entitled "proof of service" (docket # 9) containing additional argument about his amended complaint.

       Dobshinsky's amended complaint, as supplemented by the argument in the proof of service, did not cure the deficiencies identified by the court in its order of dismissal with leave to amend. He appears to argue that the claim is not time-barred because he filed state

tort claims with a public agency.  Any effort Dobshinsky made to present the claim to a state government agency did not toll the limitations period for his § 1983 claim because state notice of claim statutes – which apply when claims are presented to public agencies and have their own special statutes of limitations – have no applicability to § 1983 actions and do not toll the statute of limitations.  See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999).  His other argument – that he tried to resolve the dispute informally – also does not support equitable tolling of the limitations period.  His amended complaint did not plead facts showing why his claim concerning the excessive force allegedly used seven years earlier was not time-barred.

     For the foregoing reasons, and the reasons stated in the order of dismissal with leave to amend, this action is DISMISSED without leave to amend because the statute of limitations defense is complete and obvious from the face of the pleadings.  The clerk shall close the file.

     IT IS SO ORDERED.

Dated: July 19, 2007

_____
Marilyn Hall Patel
United States District Judge